Stein, J. (concurring in part and dissenting in part).
While I agree with the majority that the action filed by plaintiff Hunter Geywits and his mother should be dismissed based upon a lack of evidence that he was sexually assaulted, I would permit the negligent supervision claims of the remaining infant plaintiffs against defendant Charlotte Valley Central School District (hereinafter defendant) to go forward. In my view, the majority’s decision to dismiss the complaint as to all of the plaintiffs is based on a misapprehension of the current state of the law regarding school liability for the acts of third parties.
As noted by the majority, it is the well-settled rule that “schools have a duty to adequately supervise their students, and ‘will be held liable for foreseeable injuries proximately related to the absence of adequate supervision’ ” (Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010], quoting Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Lowes v Board of Educ. of City of NY., 16 NY2d 302, 306 [1965]; Decker v Dundee Cent. School Dist., 4 NY2d 462, 464 [1958]). Liability will be established where the school fails to supervise its students with the same degree of care as a parent of ordinary prudence in comparable circumstances and such negligent supervision was the proximate cause of the plaintiffs foreseeable injuries (see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302; Mirand v City of New York, 84 NY2d at 49). However, it is equally well recognized that school personnel cannot reasonably be expected to guard against every sudden or spontaneous act that occurs between students on a daily basis (see Mirand v *808 City of New York, 84 NY2d at 49; Lawes v Board of Educ. of City of N.Y., 16 NY2d at 306; Armellino v Thomase, 72 AD3d 849, 850 [2010]). Therefore, the Court of Appeals articulated long ago, and recently reiterated, the principle that a school district may generally avoid liability for the unanticipated acts of a third party in the absence of “actual or constructive notice of prior similar conduct” (Brandy B. v Eden Cent. School Dist., 15 NY3d at 302; see Mirand v City of New York, 84 NY2d at 49; Bertola v Board of Educ. of City of N. Y, 1 AD2d 973 [1956]).
Based upon the foregoing, I agree that the question here is whether plaintiffs’ injuries were reasonably foreseeable. In my view, however, the rule requiring notice may be applied to insulate a school district from liability, as a matter of law, only in those cases where the adequacy of the supervision with respect to the plaintiff is not in question, such as where the injury results from the truly unforeseeable impulsive acts of third parties (see e.g. Diana G. v Our Lady Queen of Martyrs School, 95 AD3d 944, 944 [2012] [student knocked to the ground during game of tag; lack of supervision was not proximate cause of injury]; Benavides v Uniondale Union Free School Dist., 95 AD3d 809 [2012] [the plaintiff pushed down slide during recess; level of supervision was not a proximate cause of accident]; Jake F. v Plainview-Old Bethpage Cent. School Dist., 94 AD3d 804, 805-806 [2012] [high school student assaulted by fellow student]; Espino v New York City Bd. of Educ., 80 AD3d 496, 496-497 [2011], lv denied 17 NY3d 709 [2011] [sudden, spontaneous attack on high school student could not have been prevented by more supervision]).[1] I do not believe that the Court of Appeals intended in Brandy B. v Eden Cent. School Dist. to insulate schools from liability in all cases — no matter how inadequate the supervision — for an injury caused by a third party which is the reasonably foreseeable result of circumstances created by the school’s inaction, despite the absence of actual or constructive notice of prior similar conduct (see Bell v Board of Educ. of City of NY., 90 NY2d 944, 946-947 [1997]; Armellino v Thomase, 72 AD3d at 850; Doe v Fulton School Dist., 35 AD3d 1194, 1195 [2006]; Garcia v City of New York, 222 AD2d 192, 195 [1996], lv denied 89 NY2d 808 [1997]).
Nor do I believe that there has been any change in the legal principle that the issue of whether the level of supervision *809 provided by a school is adequate and reasonable — and, if not, whether the school’s negligence is the proximate cause of the plaintiffs injuries — is almost always a question of fact (see Doe v Board of Educ. of Morris Cent. School, 9 AD3d 588, 590 [2004]; Garcia v City of New York, 222 AD2d at 194).[2] Such determinations are guided by the circumstances of each case including, as particularly relevant here, the age of the children and the nature of the injurious act involved (see Espino v New York City Bd. of Educ., 80 AD3d at 496; Garcia v City of New York, 222 AD2d at 194).
Here, the facts are not disputed. Six-year-old children were regularly permitted to walk from the school cafeteria to their classroom unattended. Even if they were generally sent in a group, there is no indication in the record of any policy or practice of ensuring that they remained in the group and did not, for example, take a detour to the bathroom en route. The hallways and the restroom in which the alleged assaults occurred were also used by secondary students, including defendant James R. Quigley who, at the time of the events, was a high school sophomore. In my view, while it would certainly be reasonable to allow high school students to traverse the hallways and go to the restroom unaccompanied, it cannot be said as a matter of law, that defendant acted as a reasonably prudent parent would when it allowed these six-year-old children to do so (see Garcia v City of New York, 222 AD2d at 196-197) and Quigley’s conduct was not an “impulsive, unanticipated act that could not reasonably have been anticipated” and prevented with appropriate supervision (Diana G. v Our Lady Queen of Martyrs School, 95 AD3d at 945; compare Decker v Dundee Cent. School Dist., 4 NY2d at 465; Convey v City of Rye School Dist., 271 AD2d 154, 159 [2000]). Rather, as alleged by plaintiffs, this case involves ongoing conduct that occurred three times over the course of several months (see Doe v Board of Educ. of Morris Cent. School, 9 AD3d at 591). Under these circumstances, a jury might “reasonably infer that, had there been adequate supervision . . . the danger would have come to the attention of some person in authority, and steps taken to prevent its repetition” (Decker v Dundee Cent. School Dist., 4 NY2d at 464; see Doe v Board of Educ. of Morris Cent. School, 9 AD3d at 591; Garcia v City of New York, 222 AD2d at 197) or may not have materialized at all.
Based on the foregoing, I would find that questions of fact exist as to whether defendant breached its duty to provide ade *810 quate supervision and, if so, whether such breach was the proximate cause of the injuries alleged by all plaintiffs except Gey wits and would affirm Supreme Court’s denial of defendant’s motion for summary judgment as to such plaintiffs.
Ordered that the orders are reversed, on the law, without costs, motions granted, summary judgment awarded to defendant Charlotte Valley Central School District, and complaints dismissed against it.

. Even in Brandy B., the issue was not whether there was adequate supervision, generally, on the school bus on which the acts occurred, but whether the school had sufficient knowledge of the assaulting student’s propensity to act inappropriately so as to require it to take steps to prevent him from doing so.

. Indeed, as the majority notes here, defendant concedes that a question of fact exists regarding the adequacy of the supervision provided.